FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
02/28/2025 11:15 AM
CV 2025 02 0484

IN THE COMMON PLEAS COURT
BUTLER COUNTY, OHIO
HAMILTON, OHIO

DAVID KOHLMAYER   :
6105 NORTHLAKE COURT
HAMILTON, OHIO 45011  :

   PLAINTIFF   :

 V.

         :    CASE#: _____

THE HOME DEPOT, INC.  :
2455 PACES FERRY ROAD NW
ATLANTA, GEORGIA 30339      JUDGE: _____
         :

  And      :

ECHO-USA, INCORPORATED
LEGAL DEPARTMENT
400 OAKWOOD ROAD   :
LAKE ZURICH, ILLINOIS 60047
         :
   DEFENDANTS  :

         :

<u>STATUTORY AGENT</u>
<u>FOR THE HOME DEPOT:</u> _____:

CORPORATION SERVICE COMPANY
1160 DUBLIN ROAD
Suite 400       :
COLUMBUS, OHIO 43215
         :

       CLAIM FOR RELIEF: $250,000

## COMPLAINT

   Now comes the Plaintiff, David Kohlmayer ("Plaintiff" or "Kohlmayer"), by and through his counsel, and for his Complaint does hereby state as follows:

1

1. That the Plaintiff is, and at all times mentioned herein has been, an individual residing in Butler County, in the State of Ohio.

2. Plaintiff's current residence is located at 6105 Northlake Court, Hamilton, Ohio 45011 in Butler County, Liberty Township in the State of Ohio.

3. The Defendants are ECHO-USA, Incorporated with a headquarters office located at 400 Oakwood Road, in Lake Zurich, Illinois 60047 ("ECHO" or "Manufacturer") and The Home Depot, Inc. with a headquarter office located at 2455 Paces Ferry Road NW in Atlanta, Georgia 30339 ("THD" or "Supplier"). Together, ECHO and Home Depot are also referred to as "Defendants".

4. The Plaintiff has sustained a serious and permanent hearing injury, with a significant hearing loss and a condition known as tinnitus, while using a product designed/manufactured/distributed by ECHO and sold to the Plaintiff by THD.

5. ECHO is the designer and manufacturer of a gas-powered hedge trimmer piece of equipment called, ECHO HC2020 ("Product"), and places the Product into the stream of interstate commerce through sellers throughout the United States, intended for sale to end users.

6. THD is one of the suppliers/sellers of the Product and places these Products into the stream of commerce by means of its advertising, sales, and servicing in its selling locations throughout the United States, including locations where the Products are intended to be seen and purchased by individuals such as the Plaintiff.

7. At all relevant times, both of the Defendants have continuously conducted regular and sustained business in Ohio by distributing and selling the Product in Ohio and both are engaged in substantial commerce and business activity in Butler County, Ohio.

8. There is a THD sales location with the address of 6562 Winford Avenue, in Hamilton Ohio 45011 where the Products have been sold ("THD Store").

9. The Plaintiff purchased the Product on, or about, March 2, 2023 from THD Store.

10. The Product was being offered for sale by THD as a previously owned item, at a price lower than the price for a new Product of this type.

11. The Product was sold to him by THD without an original box in which ECHO packaged the Product and without any verbal or written instructions/warnings and without a safety warnings and use manual that accompanies new tools of this type offered by ECHO and sold by THD.

12. The Plaintiff has also subsequently purchased a new Product from the same THD location – identical model to the Product - which was sold inside of a sealed box, containing the expected operations instructions and product warnings manual ("Manual").

2

13. Shortly after the Plaintiff made the purchase, he attempted to start it but discovered that the clutch was defective and was not adequately responding to his attempts to get the Product started.

14. He tried several times to pull the clutch but to no avail. Since he did not have the Manual which would have contained a section on "Troubleshooting", he was left to his own knowledge and intuition to get the Product started.

15. When the Product finally responded, it created a noise that exceeded the Plaintiff's, or any reasonable person's, reasonable expectations for a product of this type. In fact, the noise burst was so loud that the Plaintiff immediately, and quite astonishly, had a sensation of a loss of hearing and other ear related injuries and trauma.

16. He immediately felt a ringing in his ears that was persistent and painful. He knew that he had likely sustained a very serious ear injury but did not know the extent, expected duration, or possible solutions to his obvious injuries.

17. He called his family physician that evening and was instructed to make an immediate appointment with an ear, nose, and throat ("ENT") expert. The Plaintiff followed this medical instruction and advice and was not able to get an appointment until early April, 2023. He was seen, examined, and tested by Dr. David L. Steward, Chairman of the Department of Otolaryngology at the University of Cincinnati.

18. He was diagnosed with a severe and chronic case of tinnitus, which Dr. Steward has opined was the direct and proximate result of the one time exposure to an unreasonably and unexpectedly high level of dba exposure caused by the Product.

19. The Plaintiff has been told that there is currently no cure or treatment that will alleviate the condition and return his hearing to the state in which it was prior to this traumatic event.

20. The Plaintiff enrolled into an experimental tinnitus treatment program in 2024 that has not yet been approved by the FDA. However, after several weeks in the program, with a renowned hearing physician, he was not able to continue and there were no improvement results that ever occurred.

21. Total responsibility and liability for the Plaintiff's injuries, disabilities, losses, and damages from this incident rests solely with THD and ECHO. ECHO and THD, as the Manufacturer and the Supplier of the Product both have shared and individual liability and responsibility.

22. The design, manufacture, and construction of the Product was defective in ways that include, but not limited to, adequate safeguards were not taken into account, or built into the design, to reduce or eliminate noise hazards expected to be created though the normal

3

and anticipatable environments in which the Product was expected, and known, to likely be used.

23. The warnings and the instructions with, and on the Product, were woefully inadequate for reasons that include, but not limited to, that there were no symbols that conveyed the hazard, the severity of the possible injuries, and the solution to avoid injuries from what was known to be noise levels that would unquestionably and significantly exceed that what is reasonably to be expected by consumers and users of the Product. There was not a single word on the Product that would reasonably alert a user to the dangers involved for serious hearing related injuries. Moreover, there were no written instructions or warnings provided by THD when the Product was sold to the Plaintiff.

24. All of these hazards were either actually known, or foreseeable, by ECHO and THD - based on prior claims and lawsuits. Despite this knowledge and foreseeability, neither ECHO nor THD did anything to either design out these hazards and to provide adequate warnings to place users on notice of the hazards and serious injury likelihood.

25. THD culpability is based, in part, on its negligence in advertising and selling the Product without all of the necessary and required packaging and Manual. Moreover, THD personnel offered no warnings or instruction about safe use of the Product.

26. In addition, THD negligently allowed a defective Product to be sold with the non-working clutch. THD had an affirmative obligation to inspect and test the Product before permitting it to be sold in a condition that created a high likelihood of injuries to occur.

27. The negligence, and other unlawful actions, of both ECHO and THD was the direct and proximate cause of the hearing injuries that the Plaintiff has sustained. This tinnitus condition is unlikely to go away -- or even to subside. The Plaintiff now lives with the constant buzzing and ringing in his ears. This condition interferes with his ability to carry out his daily activities and has led to a diminution of the enjoyment of his life. He has difficulty sleeping and the tinnitus has led directly to a diminished ability to hear clearly.

28. At the time of his injury, the Plaintiff was the Chief Financial Officer of his company and relied on the full capacity of all of his senses to perform his job. The culpability on the part of ECHO and THD has resulted in his inability to conduct his daily work activities in the same manner in which he was able to do so before this event. This injury now severely diminishes the Plaintiff's future income earning capabilities.

29. Since the date of the injury, the Plaintiff has had to take long periods of time off of the job, due to not only his inability to focus but also due to some related, psychological setbacks that are the direct and proximate result of the injuries from which he has suffered.

30. Defendants' conduct is also responsible for all of the direct, indirect, special, and general damages suffered by the Plaintiff for which he is entitled to be compensated by the Defendants.

## COUNT ONE
## PRODUCTS LIABILITY DEFECTIVE MANUFACTURING PURSUANT TO R.C. § 2307.74

31. Plaintiff incorporates by reference each and every paragraph of 1 through 30 of this Complaint as if fully set forth herein and further alleges as follows:

32. Plaintiff is a "claimant" as defined at Ohio Rev. Code §§ 2307.71(A)(1)(a) in that he is making a "product liability claim," as defined by Ohio Rev. Code §§ 2307.71(A)(13) for damages caused by the Plaintiff's use of the Product, manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants who are "manufacturers" as defined by Ohio Rev. Code §§ 2307.71(A)(9) and "suppliers" as defined by Ohio Rev. Code §§ 2307.71(A)(15).

33. The Product manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by ECHO, was defective in its manufacture and construction when it left the hands of the Defendant in that it deviated from product specifications, posing a serious risk of injury, regardless of whether ECHO exercised all possible care in its manufacture or construction.

34. The foregoing acts and/or omissions of ECHO were in violation of Ohio Rev. Code § 2307.74 since the Product manufactured by the Defendant was defective in manufacture or construction.

35. As a direct and proximate result of Plaintiff's use of the Product as manufactured, designed, sold, supplied, and introduced into the stream of commerce by ECHO and THD, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, as set forth in the Ohio Revised Code, including but not limited to Ohio Rev. Code § 2307.73(A).

36. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the Ohio Rev. Code §§ 2307.71 to.80, including but necessarily limited to Ohio Rev. Code §§ 2307.72(A). Further, Defendants actions and omissions as identified in this Complaint constitute a flagrant disregard for human life, so as to warrant the imposition of punitive damages under the common law and/or Ohio Rev. Code §§ 2307.71 to.80, as set forth at Ohio Rev. Code §§ 2307.72(B).

## COUNT TWO
## PRODUCTS LIABILITY DESIGN DEFECT PURSUANT TO R.C. § 2307.75

37. Plaintiff incorporates by reference each and every paragraph 1 through 36 of this Complaint as if fully set forth herein and further alleges as follows:

38. Defendants are the Manufacturer, designers, distributors, sellers, and/or Suppliers of the Product.

39. The Product manufactured and supplied by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the Product, as defined by Ohio Rev. Code §§ 2307.75(B) exceeded the benefits associated with its design or formulation, as defined by Ohio Rev. Code §§ 2307.75(C), or it was more dangerous than an ordinary consumer would expect.

40. As set forth in the facts of this Complaint, the foreseeable risks of the Product, as defined at Ohio Rev. Code §§ 2307.75(B)(1)–(5), include but are not limited to the following:

a. The high likelihood that the faulty design or formulation would cause harm to its users in light of the intended and reasonably foreseeable uses as a respiratory aid, among other reasons, as defined at Ohio Rev. Code §§ 2307.75(B)(3);

b. The design or formulation of the Product produced or manufactured by Defendants failed to conform to applicable public or private product standards in effect when it left the control of the manufacturers and suppliers since there were available, safer methods of designing or formulating the Product, among other reasons, as defined at Ohio Rev. Code §§ 2307.75(B)(4).

c. The design or formulation of the Product produced or manufactured or sold by Defendants is more dangerous than the reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner in that the risks of injury, as defined above, are more dangerous than one would expect when using the Product, among other reasons, all as defined at Ohio Rev. Code §§ 2307.75(B)(5).

41. The Defendants failed to provide an adequate warning as to the risks of the Product and for this reasons Defendants may not claim that the Product is not defective in design or formulation, though it is unsafe, as contemplated under Ohio Rev. Code §§ 2307.75(D).

42. As a direct and proximate result of Plaintiff's use of the Product as manufactured, designed, sold,

6

supplied, and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages, and economic loss and will continue to suffer such harm, as set forth in the Ohio Revised Code, including but not limited to Ohio Rev. Code § 2307.73(A).

43. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the Ohio Rev. Code §§ 2307.71 to.80, including but not necessarily limited to Ohio Rev. Code §§ 2307.72(A). Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life, so as to warrant the imposition of punitive damages under the common law and/or Ohio Rev. Code §§ 2307.71 to.80, as set forth at Ohio Rev. Code §§ 2307.72(B).

## COUNT THREE
## PRODUCTS LIABILITY DEFECTIVE DUE TO INADEQUATE WARNING PURSUANT TO R.C. § 2307.76

44. Plaintiff incorporates by reference each and every paragraph 1 through 43 of this Complaint as if fully set forth herein and further alleges as follows:

45. The Supplier, THD, is subject to this Count, based on its culpability, as defined within Ohio Rev. Code 2307.78(A)(2) and 2307.78(B)(6). The Supplier altered, modified, or failed to maintain the Product and its content including the packaging and safety warnings, after it came into possession of, and before it left the possession of the Supplier. Such alteration, modification, or failure to maintain the Product rendered it defective.

46. The Product manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that the product created significant risks of serious bodily harm and death to consumers and they failed to adequately warn consumers and/or their health care providers of such risks, as defined at Ohio Rev. Code §§ 2307.76(A)(1)(a) — (b).

47. In addition to, or in the alternative, the Product manufactured and supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm and death from the use of the Product, Defendants failed to provide an adequate warning to consumers and/or their health care providers of the product, knowing the product could cause serious injury and death, as defined at Ohio Rev. Code §§ 2307.76(A)(2)(a) –(b).

48. The risks of the Product were not open and obvious, as defined at Ohio Rev. Code §§ 2307.76(B).

7

49. Upon information and belief, the warnings provided to the Plaintiff, were not adequate, as defined at Ohio Rev. Code §§ 2307.76(C).

50. As a direct and proximate result of Plaintiff's use of the Product as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, as set forth in the Ohio Revised Code, including but not limited to Ohio Rev. Code § 2307.73(A).

51. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the Ohio Rev. Code §§ 2307.71 to.80, including but not necessarily limited to Ohio Rev. Code §§ 2307.72(A). Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life, so as to warrant the imposition of punitive damages under the common law and/or Ohio Rev. Code §§ 2307.71 to 80, as set forth at Ohio Rev. Code §§ 2307.72(B).

## COUNT FOUR
### PRODUCTS LIABILITY DUE TO NON CONFORMANCE WITH REPRESENTATIONS PURSUANT TO R.C. § 2307.77

52. Plaintiff incorporates by reference each and every paragraph 1 through 51 of this Complaint as if fully set forth herein and further alleges as follows:

53. The Defendant, THD, as a supplier under ORC, Section 2307.71(A)(15), is also subject to this Count based on its culpability as defined under ORC, 2307.78(A)(2) and 2307.78(B)(6). The supplier altered, modified, or failed to maintain the Product and its contents including its packaging and safety warnings, after it came into possession of, and before it left the possession of the Supplier. Such alteration, modification, or failure to maintain the Product rendered it defective.

53. Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of the Product and made representations regarding the character or quality of the Product.

54. The Product manufactured and supplied by Defendants was defective in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the Product, as defined at Ohio Rev. Code §§ 2307.77.

55. Plaintiff justifiably relied upon Defendants' representations regarding the Product when he used the Product.

8

56. Upon information and belief, the warnings provided to the Plaintiff were not adequate, as defined at Ohio Rev. Code §§ 2307.76(C).

57. As a direct and proximate result of Plaintiff's use of the Product as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, as set forth in the Ohio Revised Code, including but not limited to Ohio Rev. Code § 2307.73(A).

58. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the Ohio Rev. Code §§ 2307.71 to.80, including but not necessarily limited to Ohio Rev. Code §§ 2307.72(A). Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life, so as to warrant the imposition of punitive damages under the common law and/or Ohio Rev. Code §§ 2307.71 to.80, as set forth at Ohio Rev. Code §§ 2307.72(B).

**COUNT FIVE**
**UNJUST ENRICHMENT**

59. Plaintiff incorporates by reference each and every paragraph 1 through 58 of this Complaint as if fully set forth herein and further alleges as follows:

60. As the intended and expected result of their conscious wrongdoing, Defendants have profited and benefited from the purchase and implementation of the Product by the Plaintiff.

61. Defendants have voluntarily accepted and retained those profits and benefits, derived from the Plaintiff, with full knowledge and awareness that, as a result of Defendants' fraud and other conscious and intentional wrongdoing, Plaintiff was not receiving a product of the quality, nature, or fitness that had been represented by Defendants, or that Plaintiff, as a reasonable consumer, expected to receive.

62. By virtue of the conscious wrongdoing alleged above, Defendants have been unjustly enriched at the expense of the Plaintiff, who is entitled in equity, and hereby seek, the disgorgement and restitution of Defendants' wrongful profits, revenues and benefits, to the extent and in the amount deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**COUNT SIX**
**FALSE ADVERTISING**

63. Plaintiff incorporates by reference each and every paragraph 1 through 62 of this Complaint as if

9

fully set forth herein and further alleges as follows:

64. Defendants knowingly misrepresented the Product as safe and effective and knowingly made false statements and omissions of material fact concerning the properties, ingredients, characteristics, qualities, benefits, uses, efficacy, safety, and/or testing of the Product to the Plaintiff and the general public.

65. In its labeling, marketing, direct-to-consumer advertising, promotion, sale, and distribution of the Product, Defendants made untrue, deceptive, and/or misleading material assertions, representations, and/or statements downplaying risks associated with the Product and exaggerating its safety to the Plaintiff and the general public when Defendants had actual knowledge of the serious, adverse mechanical deficiencies associated with the Product including, but not limited to, a design and warnings.

66. Defendants intended to increase the sales of the Product, falsely marketing the Product as safe and effective, and by concealing facts regarding the dangerous properties of the Product to thereby induce the Plaintiff to purchase and use the Product.

67. In purchasing and using the Product the Plaintiff reasonably relied upon Defendants' false and misleading assertions and omissions of material fact that the Product was safe and effective.

68. As a direct and proximate result of Defendants' false statements as herein alleged, the Plaintiff used the Product which led to his injuries and economic loss, including but not limited to, cost of medical care, lost income, and pain and suffering.

## COUNT NINE
## PUNITIVE DAMAGES

69. Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs 1 through 68, as though fully set forth herein.

70. At all times material hereto, the Defendants knew or should have known that the Product was inherently more dangerous with respect to serious, adverse mechanical deficiencies associated with the Product, including, but not limited to, design, manufacturing, warnings, and instructions.

71. At all times material hereto, the Defendants attempted to misrepresent and did misrepresent facts concerning the safety of the Product.

72. Defendants' misrepresentation included intentionally withholding material information from the medical community and the public, including the Plaintiff, regarding the safety of the Product.

73. Notwithstanding the foregoing, Defendants continued to aggressively market the Product to consumers, including the Plaintiff, without disclosing the aforesaid side effects when there were safer products available that could have been offered.

74. The Defendants knew of the Product's defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop, manufacture, market, distribute, advertise, and sell it so as to maximize sales and profits at the expenses of the health and safety of the public, including the Plaintiff, in conscious and/or reckless disregard of the foreseeable harm caused by the Product.

75. Defendants fraudulently, intentionally, and/or recklessly concealed and failed to disclose to the public, including the Plaintiff, the debilitating and imminent injury threatening effects of the Product in order to ensure continued and increased sales.

76. Defendants' intentional and/or reckless failure to disclose information deprived the Plaintiff of the necessary information to enable him to weigh the true risk of using the Product against its benefits.

77. The aforesaid conduct of Defendants in the design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution, and/or sale of the Product was fraudulent, knowing and willful misconduct, and/or was conduct undertaken to recklessly, and with conscious disregard for the safety of the Plaintiff, such as to constitute despicable conduct, oppression, fraud, and malice. At all times relevant, such conduct was ratified by the Defendants herein, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example to Defendants, and to deter them from similar conduct in the future.

78. Plaintiff seeks actual and punitive damages from the Defendants as alleged herein pursuant to all appropriate state statutes and common law. The injuries and damages alleged herein are permanent and will continue into the future.

### COUNT TEN
### SUPPLIER NEGLIGENCE

79. Plaintiff hereby incorporates by reference each and every paragraph 1 through 78 of this Complaint as if fully set forth herein and further alleges as follows:

80. Defendant , THD, is a Supplier, as defined at Revised Code Section 2307.71, that advertised, offered for sale, sold, serviced, distributed, or otherwise participated in the placing of the Product in

11

the stream of commerce.

81. The Supplier had a duty to Plaintiff to provide a Product that would comply with the expectations for safe and effective use, under normal and expected conditions.

82. The Supplier failed in its duties, resulting in injuries, harm, and losses to the Plaintiff.

83. The Supplier's negligence was a direct and proximate cause of harm for which the Plaintiff seeks to recover compensatory damages.

84. As a further direct and proximate result of the negligence of the Supplier, Plaintiff has incurred costs, lost wages, expenses in an amount up to $250,000.

## COUNT ELEVEN
## SUPPLIER STRICT LIABALITY

85. Plaintiff hereby incorporates by reference each and every paragraph 1 through 84 as if fully set forth herein and further alleges, as follows:

85. The Supplier, THD, is subject to this Count, based on its culpability, as defined within Ohio Rev. Code, 2307.78(A)(2) and 2307.78(B)(6).

86. The Supplier is subject to strict liability because the Supplier altered, modified, or failed to maintain the Product and its contents including its packaging, after it came into the possession of, and before it left the possession of, the Supplier, and the alteration, modification, or failure to maintain the Product rendered it defective.

87. As a direct and proximate result of the Plaintiff's use of the Product, as sold by the Supplier, the Plaintiff has suffered injuries, harm, damages, economic loss, and other losses and will continue to suffer such harm and losses, as set forth in the Ohio Rev. Code, including but not limited to Ohio Rev. Code 2307.73(A).

88. Additionally, Plaintiff is entitled to damages pursuant to Ohio Rev. Code 2307.71 to .80.

**Prayer for Relief**

Wherefore, Plaintiff prays for judgment against all Defendants, jointly and severally, as follows:

A.   For an award of compensatory damages;

B.   For an award of general damages, consistent with the laws in the State of Ohio;

C. For an award of punitive damages against the Defendants;

D. For costs expended; and

E. For any and all other relief to which Plaintiff is entitled.

Respectfully submitted,

By: _____

    Anthony J. Muto, Esq. (0007545)
    Muto Law Associates, LLC
    Attorney for Plaintiff
    PO Box 8493
    Cincinnati, Ohio 45208
    513.388.2028 Office
    513.218.4032: Mobile

    tmuto@mutolaw.com